### EDWARD B. KNIGHT v. ALLEN S. CLARK ET AL.

Members of a township committee contracting on behalf of the public, and in a sealed bill describing themselves as members of such committee and binding themselves and their successors in office, are not personally liable upon such a contract.

---

The action was founded on the following sealed bill:

" $407.17.            FIVE POINTS, Gloucester Co., N. J.,
                            " October 28th, 1884.

"For value received, we, Allen S. Clark, William M. Colson and Joseph H. Knight, members of the township committee of the township of Harrison, county of Gloucester,

N. J., and our successors in office, promise to pay Edward B. Knight or order, in six months from the date hereof, with lawful interest from date, without defalcation.

" And in case of default of payment as aforesaid, we hereby empower any attorney-at-law, to be appointed by said Edward B. Knight or his assigns, to appear in any court which said Edward B. Knight or his assigns may select, and commence or prosecute a suit against us or our successors in office on said note, to confess judgment for all and every part of the interest or principal on said note in the payment of which we or our successors in office may be delinquent.

" Witness our hands and seals, this 28th day of October, A. D. 1884.

" ALLEN S. CLARK.   · [L. S.]<br>
" WILLIAM M. COLSON. [L. S.]<br>
" JOSEPH H. KNIGHT.   [L. S.]

" Witness :
  " WM. F. IREDELL."

Argued at November Term, 1885, before BEASLEY, CHIEF JUSTICE, and Justices KNAPP and MAGIE.

For the plaintiff, *David J. Pancoast.*

For the defendants, *Robert S. Clymer.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The court has been asked by the counsel of the respective parties to decide the question involved irrespectively of the pleadings.

The case will be decided from the facts stated in the record, and the admitted fact that the debt secured by the sealed instrument sued on was the debt of the township of Harrison.

The only inquiry, therefore, is whether the defendants, by the form of the deed executed by them, have made themselves personally responsible for this public debt.

The counsel of the plaintiff, in support of the right of

action, has referred to the case of *Dayton* v. *Warne*, 14 *Vroom* 659. But that case is not in any degree applicable, for it was a case of a private agency, and the defendants, in the present instance, acted in a public capacity. The principle of decision in the reported case was that when a private agent does not attempt, in a sealed instrument, to bind his principal, but in terms imposes the obligation on himself, he incurs by such an act a personal responsibility. But it is well settled that a public agent does not stand on the same footing. It is much against public policy to cast the obligations that justly belong to the body politic upon this class of officials.

Upon both reason and authority we think the law is against the plaintiff's claim.

The case of *Hodgson* v. *Dexter*, 1 *Cranch* 346, is directly in point. The facts were, in brief, the following, viz.: the action was in form of covenant against Dexter, who had lately been secretary of war, and was founded on covenants contained in a lease, to keep in good repair and deliver up in good order a certain building hired for the use of the government. The building had been destroyed by fire, and the sole question was whether Dexter was personally liable. The lease was a deed *inter partes*, which Dexter had sealed as an individual. In the commencement of the instrument he had described himself, "secretary of war," and to the performance of the covenants he had bound himself (but not as secretary) and "his successors."

Under these circumstances it was held that Dexter was not bound personally, Chief Justice Marshall saying: "A contrary doctrine would be productive of the most injurious consequences to the public, as well as to individuals."

This decision has, we believe, been universally approved of, and it is evident that unless overruled by this court, it must conclude this controversy. With everything that was said in this case, as well as in the conclusion reached by the court, we entirely concur.

It will be observed that in the sealed bill forming the

basis of the present suit, the defendants describe themselves as " members of the township committee of the township of Harrison," and bind themselves and their successors in office, and authorize judgment to be entered against themselves or "their successors in office." These references to the official nature of the business embraced in the instrument, and the position of the defendants with reference to it, are quite as significant as those contained in the lease, the substance of which is above recited.

The defendants must have judgment.